# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| LARRY PULLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:06CV00394 |
| | ) | |
| TODD PINION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

**SHARP, Magistrate Judge**

Plaintiff Larry Pulley, a prisoner of the State of North Carolina, filed this action pursuant to 42 U.S.C. § 1983[1], alleging that the Defendants violated his constitutional rights by opening a letter addressed to him and marked "Legal Mail" outside his presence. As Defendants, Plaintiff names Todd W. Pinion, Superintendent at Piedmont Correctional Institute; Wendell T. Hargrove, Assistant Superintendent; and Lagene McJunkin, guard and mail clerk. The Defendants have responded with a motion to dismiss pursuant to Rule 12 (b)(6).

In his *pro se* complaint, Plaintiff alleges that on August 19, 2005, a piece of mail addressed to him and marked "Legal Mail" was opened by prison staff in the mail room. The

---

[1] The parties have consented to the trial jurisdiction of the United States Magistrate Judge and the matter has been referred to the undersigned for a ruling. *See* 28 U.S.C. § 636(c).

letter was then resealed again and delivered to Plaintiff. Plaintiff says that "the court correspondence reply answer was in fact missing" when he received the letter.

On review, the court finds that Defendants' motion to dismiss should be granted and Plaintiff's complaint should be dismissed. It is well settled that allegation of a single and isolated instance of opening of an inmate's legal mail outside his presence does not state a claim of constitutional dimension. *See Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997). While Plaintiff adds an allegation that something was missing from the letter when he received it, the negligent or intentional taking of an inmate's property does not raise a constitutional claim where, as here, the State provides a legal remedy for such alleged deprivation. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Daniels v. Williams*, 474 U.S. 327, 331-34 (1986).

Accordingly, for reasons set forth above, **IT IS ORDERED** that Defendants' motion to dismiss (Pleading No. 11) is **GRANTED** and that this action be dismissed with prejudice.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: September 25, 2006